T.C. Memo. 2016-127

UNITED STATES TAX COURT

RICHARD BREWSTER MAIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20609-14.                           Filed July 5, 2016.

Richard Brewster Main, pro se.

<u>Nicholas R. Rosado</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  After concessions, the issues for decision are whether petitioner is entitled to various deductions relating to his patent business and automobile activity, liable for a section 6662(a) accuracy-related penalty, and liable for a section 6651(a)(1) failure to timely file addition to tax.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
                                                      (continued...)

[*2]                    FINDINGS OF FACT

During 2009 (year in issue) petitioner, an attorney, engaged in a patent business and an automobile activity. Petitioner's patent business, which experienced a downturn during the year in issue, involved creating prototypes, inventing electronics, and filing patent applications. His automobile activity related to 1955 and 1956 Plymouth cars (Plymouths).

Prior to 2003 petitioner determined that he could successfully buy, restore, and sell Plymouths. He advertised online, in print publications, and at live events and traveled throughout the western United States to acquire bargain-priced Plymouths. His inventory, at its peak, reached 40 cars, which he stored in a large two-story barn on his ranch in Livermore, California.

Plymouths were less popular than other 1950s vintage cars, and replacement parts were difficult to find. As a result, petitioner sold some of the unrestorable automobiles and their related parts. He also contracted with a retired jewelry maker and a rubber manufacturer to produce and supply unavailable parts. These parts were used to renovate the cars in his inventory or sold to other Plymouth restorers. Petitioner discovered, however, that the cost of producing these parts

[1](...continued)
Revenue Code relating to the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] exceeded the related sales revenue and ceased contracting for their production.

In 2003 petitioner's ranch was sold in a foreclosure proceeding, and petitioner leased the barn from the ranch's buyer until 2008, when he realized that he had underestimated the time required to fully restore the cars in his Plymouth inventory. He then sold off some of the Plymouths and transferred the remaining inventory to a storage facility, for which he paid $900 during the year in issue. During that year petitioner resided at a house in Elk Grove, California, which had an attached three-car garage; paid Tuff Shed, Inc., $27,900 to build a separate garage; and paid $739, $229, $216, and $865 relating to a gantry crane, welding equipment, a wireless router, and a camcorder, respectively. After the construction of the separate garage (i.e., during April of the year in issue), petitioner moved the Plymouths from storage to the separate garage and conducted his automobile activity from that location.

On January 26, 2012, petitioner filed his 2009 Form 1040, U.S. Individual Income Tax Return, on which he reported zero taxable income, a zero income tax liability, a $3,049 self-employment tax liability, and an $899 amount owed. After an examination of the return, respondent, in a notice of deficiency issued on August 21, 2014, disallowed deductions relating to petitioner's automobile

[*4] activity on the grounds that petitioner lacked the requisite profit objective and had failed to substantiate the expenses underlying his deductions; disallowed various deductions relating to petitioner's patent business on the grounds that petitioner had failed to substantiate the expenses underlying his deductions; and determined a $27,208 deficiency, a $6,802 section 6651(a)(1) addition to tax, and a $5,442 section 6662(a) accuracy-related penalty. On September 2, 2014, petitioner, while residing in California, timely filed a petition with the Court.

OPINION

Section 183(b) limits the deductions relating to an activity not engaged in for profit. Petitioner bears the burden of proving that his primary objective, relating to his automobile activity, was to make a profit. See Wolf v. Commissioner, 4 F.3d 709, 713 (9th Cir. 1993) (holding that profit must be the predominant, primary, or principal objective), aff'g T.C. Memo. 1991-212; Skeen v. Commissioner, 864 F.2d 93, 94 (9th Cir. 1989), aff'g Patin v. Commissioner, 88 T.C. 1086 (1987). Petitioner has established, by a preponderance of the evidence, that his primary objective was to make a profit.[2]

---

[2]Sec. 1.183-2(b), Income Tax Regs., sets forth a nonexclusive list of nine factors to guide courts in analyzing a taxpayer's profit objective. See Elliott v. Commissioner, 90 T.C. 960 (1988), aff'd without published opinion, 899 F.2d 18 (9th Cir. 1990).

**[*5]**    Petitioner undoubtedly enjoyed working with Plymouths.  <u>See</u> sec. 1.183-2(b)(9), Income Tax Regs.  Although his manner of carrying on this activity was unsophisticated, it was businesslike.  <u>See</u> <u>id.</u> subpara. (1).  He had experience operating a business and expertise relating to Plymouths; advertised online, in print, and at live events; traveled outside California to acquire cars at bargain prices; contracted with third parties to manufacture parts for him to resell and use in restorations; and abandoned unprofitable aspects of his automobile activity (i.e., he downsized his inventory and stopped contracting for manufactured parts).  <u>See</u> <u>id.</u> subparas. (1), (2), (5).  Furthermore, he devoted considerable time to, and handled all material aspects of, his automobile activity.  <u>See</u> <u>id.</u> subpara. (3).  Lastly, petitioner's patent business was undergoing a downturn during the year in issue, and petitioner, a prudent businessman, would not have squandered his hard-earned money on an expensive hobby.  <u>See</u> <u>id.</u> subpara. (8).  In short, petitioner's automobile activity was a business, and his primary objective was to make a profit.

Petitioner contends that he is entitled to deductions on Schedule C, Profit or Loss From Business, relating to his automobile and patent businesses.[3]  Section

---

[3]Pursuant to sec. 7491(a), petitioner has the burden of proof unless he introduces credible evidence relating to an issue that would shift the burden to respondent.  <u>See</u> Rule 142(a).  Our conclusions, however, are based on a preponderance of the evidence, and thus the allocation of the burden of proof is
(continued...)

[*6] 162(a) allows as a deduction all the ordinary and necessary expenses paid or incurred in carrying on a trade or business. Petitioner is, pursuant to section 167, entitled to depreciation deductions relating to the garage, gantry crane, and welding equipment and has established the cost, useful life, and previously allowable deductions relating to these items.[4] See Cluck v. Commissioner, 105 T.C. 324, 337 (1995). Pursuant to section 280F, his camcorder and wireless router, however, were listed property because we are convinced that his camcorder was not used exclusively in connection with his primary business and that both items were not used exclusively at his regular business establishment. See sec.

_____

[3](...continued)
immaterial. See Martin Ice Cream Co. v. Commissioner, 110 T.C. 189, 210 n.16 (1998).

[4]The garage has a $27,900 cost basis and a 39-year recovery period and was placed in service during April of the year in issue (i.e., petitioner had no previously allowable depreciation deductions). See sec. 168(c). The gantry crane and welding equipment have $739 and $229 cost bases, respectively, and 12-year useful lives and were placed in service during the year in issue (i.e., petitioner had no previously allowable depreciation deductions relating to these items). See secs. 168(i)(1) (stating that class lives are determined pursuant to sec. 167(m) and as if the taxpayer has made the election pursuant to that subsection), 167(m) (before repeal in 1990) (stating the Secretary may prescribe class lives); sec. 1.167(a)-11(b)(4)(ii), Income Tax Regs. (stating that asset guideline classes, asset guideline periods, and asset depreciation ranges will be established, supplemented, and revised in the Internal Revenue Bulletin); Rev. Proc. 87-56, 1987-2 C.B. 674, 681-682 (establishing the class lives of automobile manufacturing equipment); Rev. Proc. 88-22, 1988-1 C.B. 785, 787 (revising the description of automobile manufacturing equipment).

**[\*7]** 1.280F-6(b)(3), (5), Income Tax Regs.  Petitioner did not meet the requisite substantiation requirements and thus is not entitled to depreciation deductions relating to these items.  See secs. 162, 274(d); Boyd v. Commissioner, 122 T.C. 305, 320 (2004); Shea v. Commissioner, 112 T.C. 183, 186-187 (1999); sec. 1.274-5, Income Tax Regs.; sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  He established, however, that he incurred, and is entitled to deduct, a $900 storage expense relating to his Plymouths but did not substantiate the remainder of the expenses at issue and is not entitled to deductions relating to them.  See secs. 162, 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs.

Petitioner's underpayment of tax relates to unsubstantiated deductions, and thus, he is liable for a section 6662(a) accuracy-related penalty for negligence.[5]  See sec. 6662(b)(1), (c); sec. 1.6662-3(b)(1), Income Tax Regs.  Petitioner has neither contended nor established reasonable cause for his underpayment.[6]  See

---

[5]Respondent bears, and has met, his burden of production relating to the sec. 6662(a) and (b)(1) accuracy-related penalty.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

[6]Petitioner's understatement of income tax relating to the year in issue will be determined pursuant to Rule 155.  If the understatement exceeds both 10% of

(continued...)

**[\*8]** sec. 6664(c)(1); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).  He is also liable for a section 6651(a)(1) addition to tax for failure to timely file a return.[7]  <u>See</u> <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985).  Even if established, his contention (i.e., that he did not timely file his return because he was not aware of his tax liability) does not constitute reasonable cause.  <u>See</u> <u>Henningsen v. Commissioner</u>, 26 T.C. 528, 536 (1956), <u>aff'd</u>, 243 F.2d 954 (4th Cir. 1957).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[6](...continued) the tax required to be shown on the return and $5,000, it will be substantial, and petitioner will be liable alternatively for a sec. 6662(a) and (b)(2) accuracy-related penalty.  <u>See</u> sec. 6662(d)(1)(A).

[7]Respondent bears, and has met, the burden of production relating to the sec. 6651(a)(1) addition to tax.  <u>See</u> sec. 7491(c); <u>Higbee v. Commissioner</u>, 116 at 446.  Petitioner bears the burden of proof relating to reasonable cause.  <u>See</u> <u>Higbee v. Commissioner</u>, 116 T.C. at 446.